**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**FREDERICK BANKS, #05711-068**                                         **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 5:08-cv-248-DCB-MTP**

**BRUCE PEARSON, et al.**                                                **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This cause comes before this Court *sua sponte* for consideration of dismissal.  On July 30, 2008, an order was entered denying the prisoner Plaintiff's request to proceed  *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)[1]  and requiring Plaintiff to pay the full filing fee, within twenty days.  The Plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice.

On September 16, 2008, this Court entered an order directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order of July 30, 2008.   In addition, Plaintiff was directed to comply with this Court's order of July 30, 2008, by paying the full filing fee, within fifteen days.  The Plaintiff was warned in this Court's order of September 16, 2008, that failure to timely comply with the requirements of the order would result in this cause being dismissed.  Plaintiff has failed to comply with this order.  Since the Plaintiff has failed to pay the filing fee, thereby failing to comply with the Court's orders of July 30, 2008 and September 16, 2008, this case will be dismissed.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute

---

[1]    "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See*

*Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.

1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear

its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties

seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at

630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending

cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Plaintiff has not complied with two court orders and has not contacted the Court

regarding this case since July 21, 2008. The Court concludes that dismissal of this action for

Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper. Since the Defendants have

never been called upon to respond to the Plaintiff's pleading, and have never appeared in this

action, and since the Court has never considered the merits of Plaintiff's claims, the Court's

order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto.*

*Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at \*2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be

dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion

and Order will be entered.

This the ___23rd___ day of October, 2008.


        ___s/ David Bramlette_____
        UNITED STATES DISTRICT JUDGE




5:08-cv-248-DCB-MTP